IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01718-JLK-MEH

METRIS U.S.A., INC.,
METRIS N.V.,
METRIS IPR N.V., and
3D SCANNERS LTD,

      Plaintiffs,

v.

FARO TECHNOLOGIES, INC.,

      Defendant.

TERRY WOHLERS,

      Respondent.
_____

## ORDER ON MOTION TO COMPEL AND MOTION TO QUASH SUBPOENA
_____

Pending before the Court are Plaintiffs' Motion to Compel Compliance of Terry Wohlers with a Subpoena *ad Testificandum et Duces Tecum* [filed July 20, 2009; docket #1] and Defendant's Motion to Quash Subpoena to Non-Testifying Expert Terry Wohlers, and, in the Alternative, Motion to Stay Proceedings Pending Resolution of Motion for Protective Order in the Underlying Case [filed July 31, 2009; docket #8]. The matters are briefed and have been referred to this Court for disposition. Oral argument would not materially assist the Court in adjudicating the motions. For the reasons stated below, the Court **grants in part and denies in part** the Plaintiff's Motion to Compel and **denies** Defendant's Motion to Quash Subpoena and Motion to Stay Proceedings as specified herein.

## I.   Background

Plaintiffs initiated this action by filing the within motion to compel compliance with a deposition subpoena that was issued from this Court and served on Defendant's retained expert witness in an underlying patent infringement action currently pending in the United States District Court for the District of Massachusetts. Events leading up to the initiation of this action are described as follows:

On July 11, 2008, Plaintiffs (Metris) filed a patent infringement case against Defendant (Faro) in the District of Massachusetts. On October 30, 2008, Faro retained Terry Wohlers as a technical expert in the Massachusetts case, whom Faro characterizes as a non-testifying, consulting expert for Faro. According to the Scheduling Order in the Massachusetts case, dated January 27, 2009, Faro may disclose Mr. Wohlers as a testifying expert on or before March 15, 2010.

On June 1, 2009, Metris served an original notice of deposition for and issued a subpoena to Mr. Wohlers. Faro submitted a written objection and through the month of June and into July 2009, the parties discussed whether the deposition would proceed under the proffered notice. In or about the second week of July, the parties engaged in discussions attempting to compromise as to the scope of the deposition. On July 15, 2009, Metris served an amended notice of deposition for and issued a subpoena to Mr. Wohlers. The subpoena seeks testimony and documents regarding information in Mr. Wolher's possession "prior to the date [he was] retained for this Litigation by counsel for Faro." Docket #1-13 at 9. Immediately after service of the amended notice, Faro emailed its objection to the subpoena as premature under the scheduling order, then on July 30, 2009, Faro served formal written objections pursuant to Fed. R. Civ. P. 45(c)(2)(B).

On July 20, 2009, Metris filed the within Motion to Compel the Compliance of Terry Wohlers With a *Subpoena Ad Testificandum Et Duces Tecum.* Metris contends that the deponent,

Mr. Wohlers, was the addressee of documents produced by Faro during discovery containing factual information that significantly pre-dates Mr. Wohlers' relationship with Faro. Metris argues that, pursuant to Fed. R. Civ. P. 26(b)(4), the applicable Advisory Committee Notes and Colorado law, Metris may discover from Mr. Wohler all factual information relevant to the action that was in Mr. Wohlers' possession before Faro retained him as an expert.

Faro counters that Mr. Wohlers was retained in October 2008 as a non-testifying expert and, therefore, is protected by Fed. R. Civ. P. 26(b)(4)(B). Consequently, Faro contends that Metris may only seek discovery from Mr. Wohlers upon a showing of exceptional circumstances "under which it is impractical . . . to obtain facts and opinions on the same subject matter by other means." Faro argues that Metris has failed to do so by failing to depose other sources of the information Metris seeks. Faro makes no argument distinguishing the Colorado case law (or that in other jurisdictions) on which Metris relies for its position that it may depose Mr. Wohlers as a *fact* witness.

**II.      Discussion**

        A.      <u>Motion to Stay Proceedings</u>

As stated in this Court's earlier decision in *Cutting v. United States*, Case No. 07-cv-002053-PAB-MEH, to which both parties refer in this matter, the Court possesses a strong belief that the issuing court should, in the first instance, determine the matter of a subpoena issued in that state or district. *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). Since the subject subpoena in this matter was issued in the District of Colorado, jurisdiction is proper in this Court and Defendant's motion to stay is denied.

B.     Motion to Compel and Motion to Quash[1]

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery concerning experts. The Tenth Circuit, in interpreting the scope of discovery permitted under Rule 26(b)(4), has recognized that subdivision (b)(4) separates experts into four categories, applying different discovery limitations to each:

(1)   Experts a party expects to use at trial. The opponent may learn by interrogatories the names of these trial witnesses and the substance of their testimony but further discovery concerning them can be had only on motion and court order.

(2)   Experts retained or specially employed in anticipation of litigation or preparation for trial but not expected to be used at trial. Except as provided in Fed. R. Civ. P. 35 for an examining physician, the facts and opinions of experts in this category can be discovered only on a showing of exceptional circumstances.

(3)   Experts informally consulted in preparation for trial but not retained. No discovery may be had of the names or views of experts in this category.

(4)   Experts whose information was not acquired in preparation for trial. This class, which included both regular employees of a party not specially employed on the case and also experts who were actors or viewers of the occurrences that gave rise to suit, is not included within Rule 26(b)(4) at all and facts and opinions they have are freely discoverable as with any ordinary witness.

---

[1] Faro relies for its Motion to Quash largely on its response to Metris' Motion to Compel [*see* docket #8 at 2]; therefore, the Court has considered both motions and all briefing together in adjudicating this matter.

*Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 500-01 (10th Cir. 1980)[2]; *see also Healy v. Counts*, 100 F.R.D. 493, 495-96 (D. Colo. 1984) (Kane, J.)[3]. In *Ager*, the Tenth Circuit was concerned only with experts characterized under categories 2 and 3. The court found that discovery could not be had for category 3 experts but can be had for category 2 experts, only upon a showing of exceptional circumstances. The court determined that the status of each expert must be determined on an *ad hoc* basis, utilizing a number of suggested factors and including other factors that may be relevant.

Although neither party in this case cited *Ager*, Faro's characterization of Mr. Wohlers (without referring to actual categories) is as a category 2 non-testifying expert from whom discovery may be had only upon a showing of exceptional circumstances. Metris contends (again, without referring to actual "categories") that, while Mr. Wohlers may, in fact, fall under category 2, he also falls under category 4 and may be deposed only as to the information described in that category. In response, Faro fails to address the issue of whether facts known prior to an expert's retention are discoverable, but rather, insists that because Mr. Wohlers has been retained as a non-testifying expert, Metris may not seek discovery from him absent a showing of exceptional circumstances.

---

[2]The issue on appeal in *Ager* was "whether . . . a party may routinely discover the names of retained or specially employed consultative non-witness experts pursuant to Rule 26(b)(4) absent a showing of exceptional circumstances justifying disclosure." *Id.* at 499. The court held that the identity and other collateral information about the expert (qualifications, etc.) are not discoverable except as provided in Rule 26(b)(4)(B). *Id.* at 503. Here, in contrast, the issue presented is whether factual information known by the expert about the subject matter of the case prior to the expert's retention is discoverable.

[3]In *Healy*, the question presented was whether a party might call an expert retained by the opposing party to testify at trial as to the expert's opinion that was not favorable to the opposing party; the court did not permit the expert testimony. As the court in *Healy* explained, the question presented an issue beyond the explicit language of Rule 26(b)(4)(B). This Court finds *Healy* to be distinguishable on its facts and finds none of the same policy concerns expressed in that decision present in this case.

The Court agrees with Metris and a substantial number of courts, including two in Colorado, that an expert, though retained as a non-testifying expert (category 2), may possess information that falls into category 4 and is not protected by Rule 26(b)(4)(B). *See, e.g., Hoover v. United States*, 611 F.2d 1132, 1145 (8th Cir. 1980) (holding, and listing cases holding, that Rule 26(b)(4)'s limitation does not apply to expert's general knowledge acquired or developed before litigation was expected); *Marine Petroleum Co. v. Champlin Petroleum Co.*, 6141 F.2d 984, 987 (D.C. Cir. 1979) (affirming trial court's holding that plaintiff could have orthodox discovery of facts known or opinions held by defendant's non-testifying expert prior to the time at which he began to devote his talents to the litigation); *Rocky Mountain Natural Gas Co. v. Cooper Indus., Inc.*, 166 F.R.D. 481, 483 (D. Colo. 1996) (holding defendant may discover any facts and opinions plaintiff's consultative experts acquired before being retained by plaintiff); *Norfin, Inc. v. International Bus. Machs. Corp.*, 74 F.R.D. 529, 532 (D. Colo. 1977) (ordering that the scope of a non-testifying expert's deposition was limited to his experience prior to the commencement of the lawsuit); *Klee v. Whirlpool Corp.*, 251 F.R.D. 507, 513 (S.D. Cal. 2006) (finding that facts and opinions of a non-testifying expert that were not prepared in anticipation of litigation were discoverable); *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 235 F.R.D. 703, 704 (M.D. Fla. 2006) (holding that plaintiff's non-testifying consulting expert could be deposed by defendant regarding any facts or opinions he held prior to being retained in connection with the litigation); *Atari Corp. v. Sega of America*, 161 F.R.D. 417, 421-22 (N.D. Cal. 1994) (in patent case, non-testifying expert could be deposed concerning information acquired or opinions formed prior to employment by party); *In re Shell Oil Refinery*, 134 F.R.D. 148, 150 (E.D. La. 1990) (defendant's employees, who were non-testifying members of a post-accident investigation team, could be deposed only about facts known and opinions held prior to being specially employed in preparation for trial).

Here, the Court finds that Metris may depose Mr. Wohlers as a fact witness <u>only</u> for information known to him prior to Faro's retention of him as an expert. As for the subpoena issued by Metris to Mr. Wohlers on July 15, 2009, the Court notes that, although it provides that the examination will be limited to information Mr. Wohlers possesses "<u>prior to the date [he was] retained for this Litigation by counsel for Faro</u>" [docket #1-13 at 9 (emphasis in original)], the subject matter in paragraphs 4 and 5 appear to "touch" on information Mr. Wohlers may retain as an expert. Therefore, the Court emphasizes that the deposition and request for production of documents are limited *only* to factual information Mr. Wohler possesses of matters relevant to the Massachusetts action for the time period before he was retained by Faro in October 2008. Any information or documentation arising from Mr. Wohler's retention as an expert is not discoverable. *See Durflinger v. Artiles*, 727 F.2d 888, 891 (10th Cir. 1988) (reports and opinions prepared by non-testifying expert in anticipation of trial are not discoverable except as set forth in Rule 26(b)(4)(B)).

### III.     Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion to Compel Compliance of Terry Wohlers with a Subpoena *ad Testificandum et Duces Tecum* [<u>filed July 20, 2009; docket #1</u>] is **granted in part and denied in part** as specified herein, and Defendant's Motion to Quash Subpoena to Non-Testifying Expert Terry Wohlers, and, in the Alternative, Motion to Stay Proceedings Pending Resolution of Motion for Protective Order in the Underlying Case [<u>filed July 31, 2009; docket #8</u>] is **denied**. All requests for attorney's fees related to these motions are denied.

Dated at Denver, Colorado, this 8th day of September, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge